FILED

2016 Aug-24 PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBERT E. KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  5:16-cv-0750-RDP-JEO |
| | ) | |
| OFFICER K. WOODEN and AGENT | ) | |
| RUSHBROOK, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The plaintiff has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1).  The plaintiff names the following defendants in the complaint: Officer K. Wooden; and Agent Rushbrook. (*Id.* at 3).[1]  The plaintiff seeks unspecified compensatory damages. (*Id.* at 4).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

---

[1] The plaintiff also names the Huntsville Police Department as a defendant. However, a municipal police department is not a legal entity capable of being sued under § 1983. **Error! Main Document Only.***Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992).

## I. Standard of Review

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees.  The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted.  *Id.*  Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist.  *Id*. at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted.  A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (internal quotation marks omitted).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'"  *Twombly,* 550 U.S. at 555, 557, (alteration incorporated).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they still must allege factual allegations that "raise a right to relief above the speculative level."  *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

The plaintiff is an inmate in the Madison County Jail in Huntsville, Alabama.  His complaint alleges the defendant Wooden "profiled" him when he conducted a traffic stop that apparently led to his eventual arrest. (Doc. 1).[2]  He

---

[2] The complaint does not specifically identify the events as a traffic stop, as opposed to an on-the-street encounter.  In any event, that distinction has no bearing on the outcome of this report and recommendation.

states Officer Wooden followed him until there was no one else in the area, then stopped him and asked for identification. *Id*. at 3.  He alleges he heard the police dispatcher radio "1029 All Clear" when his identification was checked, and contends Wooden then "should have allowed [him] to be on [his] way." *Id*. at 3. Instead, Wooden allegedly "lied" by telling the plaintiff there was an outstanding warrant against him, and proceeded to search him. *Id*. at 4.  Consequently, the plaintiff contends the search was illegal, and that Wooden's actions were racially discriminatory. *Id*. at 4.

No direct allegations are made against defendant Rushbrook, other than to allege that he and Wooden "conspired against [the plaintiff]" because of his race.[3] *Id*. at 5.  The plaintiff now seeks compensatory damages for "everyday [he's] incarcerated," and contends the defendants should be "reprimanded." *Id*. at 4.

### III. Analysis

#### Fourth Amendment:

The plaintiff has failed to state a claim of constitutional proportion with regard to the events surrounding the initial stop itself.  Without providing any factual detail to support his conclusion, the plaintiff makes the naked assertion that his detention was the result of "profiling."  However, with regard to the legality of the stop itself, and any Fourth Amendment claims asserted on the basis thereof, the

---

[3] The plaintiff states he is African-American, and that Rushbrook and Wooden are Caucasian.

motives of the officer(s) involved are not relevant.[4]  Instead, the existence (or lack thereof) of reasonable suspicion or probable cause determines the constitutional validity of the police action.

While it is true that "[t]raffic stops qualify as seizures under the Fourth Amendment[,] … a routine traffic stop is only a limited form of seizure, [and] is more analogous to an investigative detention than a custodial arrest." *U.S. v. Ramirez*, 476 F.3d 1231, 1236 (11th Cir. 2007).   "Therefore, we analyze the legality of these stops under the standard articulated in *Terry v. Ohio*, 392 U.S. 1 (1968)." *Id*.  Under *Terry*, "law enforcement officers may briefly detain a person for an investigatory stop if they have reasonable, articulable suspicion based on objective facts that the person has engaged, or is about to engage, in criminal activity."  *U.S. v. Diaz-Lizaraza*, 981 F.2d 1216, 1220 (11th Cir. 1993). Accordingly, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren*, 517 U.S. at 810.  This is an objective standard, which "foreclose[s] any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved." *Id*. at 813.[5] For this reason, the plaintiff's

---

[4] Of course, there is distinction between Fourth Amendment protection against unreasonable searches and seizures, and the Equal Protection Clause's prohibition against selective enforcement of laws based upon considerations such as race. See *Whren v. U.S*. 517 U.S. 806, 813 (1996). The equal protection issue is addressed *infra*.

[5] *See also, U.S. v. Holloman*, 113 F.3d 192, 194 (11th Cir. 1997) ("[T]he constitutional reasonableness of a traffic stop must be determined irrespective of intent, whether of the

assertion that Wooden's traffic stop was the result of racial profiling does not, alone, state a claim under the Fourth Amendment's provision prohibiting unreasonable searches and seizures.

The question then becomes whether or not the plaintiff had pled facts sufficient to show that Wooden lacked sufficient objective justification for the traffic stop.  In that regard, the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), are illustrative.   Under the "plausibility standard" outlined by the Court in those decisions, a complaint can avoid dismissal only if it states a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A complaint falls short of this standard when all it offers is "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id*.

In this instance, the plaintiff has presented nothing but the naked assertions that he was "profiled" by Officer Wooden, and that Wooden and Rushbrook "conspired" against him.   He presents no specific factual background which demonstrates the Officers violated the directives in *Terry* by detaining him "absent

---

particular officers involved or of the theoretical reasonable officer") (internal quotation marks omitted).

a minimal level of objective justification for making the stop." *Jackson v. Sauls*, 206 F.3d 1156, 1165 (11th Cir. 2000).  In other words, the complaint fails to *plausibly* show that the defendants violated Fourth Amendment Standards with regard to the initial traffic stop.[6]

The plaintiff also presents allegations which imply that Officer Wooden prolonged the traffic stop beyond the duration "necessary to effectuate the purpose of the stop." *U.S. v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001).  The plaintiff contends that Wooden should have "allowed me to be on my way" after the dispatcher notified him of the "all clear," but instead "lied" about an outstanding warrant and conducted a "false search" of his person. (Doc. 1 at 3).[7]  It is true that "an officer's investigation of a traffic stop must be reasonably related in scope to the circumstances which justified the interference in the first place." *Ramirez*, 476 F.3d at 1236 (quoting *United States v. Boyce*, 351 F.3d 1102, 1106 (11th Cir. 2003). Therefore, a detention which exceeds the duration necessary to address the reason for the stop may violate the Fourth Amendment.  However, an officer can lengthen the duration of the detention outside the reasons related to the initial stop

---

[6] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted).

[7] The plaintiff alleges Wooden's continued detention and search of his person was the result of "profiling" and "discrimination."(Doc. 1 at 3 and 4).

if he has "objectively reasonable and articulable suspicion illegal activity has occurred or is occurring," or the initial detention "has become a consensual encounter. *U.S. v. Pruitt*, 174 F.3d 1215, 1220 (11th Cir. 1999).   In that respect, our courts recognize that "[a] variety of factors may contribute to the formation of an objectively reasonable suspicion of illegal activity," including things such as "having no proof of ownership of the vehicle, having no proof of authority to operate the vehicle, and inconsistent statements about destination." *Id.*[8]

As with the initial stop, the standard by which an officer's decision to prolong a traffic stop is an objective one – *i.e.* reasonable suspicion of illegal activity.  *Purcell*, *supra*.  It therefore seems clear that the plaintiff's allegation Officer Wooden prolonged the duration of the stop on the basis of racial profiling fails for the same reasons his claim regarding the initial stop is not cognizable. Officer Wooden's subjective intentions or motives are not relevant to the question of whether or not he had an objectively reasonable suspicion of criminal activity which would justify continued detention of the plaintiff.

However, the plaintiff has alleged facts, taken as true for the purposes of this initial review, which indicate Officer Wooden prolonged the detention and conducted a search of the plaintiff's person under circumstances lacking

---

[8] Furthermore, under *Terry*, a police officer who has properly conducted an investigatory stop may, even in the absence of probable cause to arrest, conduct a limited search of a person for the purpose of "the discovery of weapons which might be used to harm the officer or others nearby." 392 U.S. at 1882-83.

objectively reasonable suspicion of illegal activity.  As noted above, the plaintiff states he heard the dispatcher notify Wooden of the "all clear" with regard to the background check, but that Wooden lied about him having an outstanding warrant and used that falsehood to justify an illegal search. (Doc. 1 at 4).  The plaintiff contends he subsequently discovered there was no outstanding warrant at that time, and argues the search was illegal.[9] Therefore, to the extent Officer Wooden detained the plaintiff beyond the time necessary to effectuate the reasons for the initial stop, and that this further detention was unaccompanied by a reasonable suspicion of illegal activity, the prolonged detention potentially violated the plaintiff's Fourth Amendment rights.  In that regard, the complaint has minimally stated a claim against defendant Wooden under § 1983.

Furthermore, the Supreme Court "has emphasized that the mandate of the Fourth Amendment requires adherence to judicial processes … and that searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." *Katz v. U.S.*, 389 U.S. 347, 357 (1967) (citation, footnote, and parenthesis omitted).  Here, the only indicated reason for the search of the plaintiff on the occasion in question was the allegedly false assertion that there was an outstanding warrant for his arrest – a

---

[9] The plaintiff states: "Come to find out I didn't have a warrant at all." (Doc. 1 at 4).

reason that clearly would not justify any of the exceptions permitting a warrantless search.  To that extent, the plaintiff has at least minimally stated a claim against Officer Wooden for violation of his Fourth Amendment right to be free from unreasonable search and seizure.

**Equal Protection:**

"[T]he Constitution prohibits selective enforcement of the law based upon considerations such as race." *Whren*, 517 U.S. at 813; *see also Wayte v. U.S.*, 470 U.S. 598, 608 (1985).   In that regard, "the Equal Protection Clause of the Fourteenth Amendment provides citizens a degree of protection independent of the Fourth Amendment protection against unreasonable searches and seizures." *Farm Labor Organizing Committee v. Ohio State Highway Patrol*, 308 F.3d 523, 533 (6th Cir. 2002); *quoting United States v. Avery*, 137 F.3d 343, 352 (6th Cir.1997). Therefore, if the plaintiff can show the he was "subjected to unequal treatment based upon [his] race or ethnicity during the course of an otherwise lawful traffic stop, that would be sufficient to demonstrate a violation of the Equal Protection Clause." *Id*.

Unlike the plaintiff's Fourth Amendment claims, the subjective intent of the defendants *is* relevant to the extent the plaintiff asserts a selective enforcement claim under the Equal Protection Clause of the Fourteenth Amendment.  *Whren*, 517 U.S. at 813.  However, as with his Fourth Amendment claim, the plaintiff

cannot simply make the naked assertion, without factual support, that he was discriminated against on the basis of his race. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusion or a formulaic recitation of the elements of a cause of action will not do") (internal quotation marks omitted).  Instead, the plaintiff must present evidence that he was "singled out for prosecution although others similarly situated who have committed the same acts have not been prosecuted," and he must show that "the government's selective prosecution [was] motivated by constitutionally impermissible motives such as racial or religious discrimination or his exercise of constitutional rights." *Owen v. Wainwright*, 806 F.2d 1519, 1523 (11th Cir. 1986); *see also U.S. v. Bell*, 86 F.3d 820, 823 (8th Cir. 1996) ("To establish discriminatory effect in a race case, the claimant must show people of another race violated the law and the law was not enforced against them").  Absent such evidence, this court has "no basis for inferring racially selective law enforcement." *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 1000 (11th Cir. 1995)

In this instance, the plaintiff presents no factual basis to support his claim that he was detained and searched because of his race.  For purposes of a Rule 12(b)(6) analysis, his bare allegations of discriminatory intent are not entitled to the usual assumption of truth and therefore fall short of asserting a "plausible" claim under § 1983. *Iqbal*, 556 U.S. at 681.

**Conspiracy:**

"Conspiracy to violate another person's constitutional rights violates section 1983." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). "To state a claim for conspiracy under § 1983, a plaintiff must allege that (1) the defendants reached an understanding or agreement that they would deny the plaintiff one of his constitutional rights; and (2) the conspiracy resulted in an actual denial of one of his constitutional rights." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1327 (11th Cir. 2015). However, the "naked assertion" of conspiracy without "supporting operative facts" is not sufficient to state a claim. *See Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Allegations of conspiracy must be specific and based upon facts rather than conclusions, and vague or general claims of conspiracy will not suffice. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).

In this case, the plaintiff does nothing more than allege that the defendants conspired against him. He provides no factual basis to show *how* the defendants reached an understanding or agreement to violate his rights, much less that any agreement resulted in an actual denial of his constitutional rights. Under the complaint as presently pled, the court cannot reasonably infer that the defendants conspired with each other to violate the plaintiff's civil rights. *Iqbal*, supra.

## IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** that all claims in this action, except the Fourth Amendment claims against Officer Wooden arising from the continued detention and search of the plaintiff, be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted. It is also **RECOMMENDED** that the remaining Fourth Amendment claims against Officer Wooden be referred to the undersigned for further proceedings.

## V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).  Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address.

Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Upon receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge.  The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may only appeal from a final judgment entered by a district judge.

**DATED,** this 24th day of August, 2016.

_John E. Ott_

**JOHN E. OTT**
Chief United States Magistrate Judge